Alexander *v.* Beresford et ux.

---

ISAAC ALEXANDER *v.* WILLIAM F. BERESFORD et ux.

Where a vendor sells land, and at the time represents that it is valuable for agricultural purposes, and when asked if it overflowed, he represented that it only overflowed from the backwater of a certain bayou; but it was shown that the vendor knew at the time that the land did overflow generally, which diminished its value: — *Held*, that the sale was a fraud upon the vendee, and a court of equity will rescind the contract.

Statements made to a witness in the presence of the purchaser in relation to property a vendor is about to sell, are the same as if made to the purchaser himself.

ON appeal from the superior court of chancery; Hon. Charles Scott, chancellor.

This was a bill filed in the superior court of chancery by William F. Beresford and wife, the appellees, to set aside and rescind a contract of sale made by Alexander, the appellant, to the appellees of a tract of land in Rankin county, Mississippi. The bill charges that the complainants desired to purchase a tract of land for planting and farming purposes, and that William F. Beresford visited Rankin county for this purpose. That he met with defendant and stated to him his object and desire; that the defendant represented to him that he had a valuable tract of land well suited to the purposes of cultivation and farming, and entirely free from the overflow or high water of Pearl River, which was not far distant; that relying upon these representations, complainants purchased the land and took the title to the said Margaret C. Beresford, agreeing to pay therefor the sum of $900, which was accordingly paid in two negro boys, named Dick and Bill, valued at $1,100, Alexander paying $200, the difference in the price of land and slaves. The bill shows and charges that the sale was made in November, a season of the year when complainants could not examine the tract of land so as to determine whether it was or was not subject to overflow; that the said representation that the land was not subject to overflow was false and fraudulent; that it had overflowed repeatedly before, and defendant knew it at the time he made the representation; that it has overflowed repeatedly since, destroying entirely the crops of cotton and corn planted by complainants; that it is entirely useless for the purposes of planting, for which alone it was purchased; and that complainants have suffered great loss and injury by the overflow of the land. They therefore charge fraud, and pray a rescission of the contract. Defendant's answer consists of a general denial of the fraudulent representations charged; admits the contract of sale, and the receipt of the negroes, as stated in the bill.

The witness Bennett proves that he was with W. C. Beresford at the time he went to Alexander's house; that he went there to examine some other land; that when he stated his business, Alexander told him he would sell him his tract, with the improvements; that it was "good land;" would raise that year forty bushels of corn to the acre. When asked how far

to the river, and whether the land did not overflow, defendant answered that it was about a quarter of a mile to the river, and pointing to a small bayou near by in the field, said that the backwater from Pearl River did sometimes come up in that, but only remained for a few days, and did no injury. This examination and conversation was had in the early part of October, 1847, and that the river was then low.

Powell proves that in 1848, 1849, and 1850, the land was overflowed and the crop of corn of appellees destroyed.

The chancellor decreed in favor of appellees, and Alexander prayed an appeal to this court.

*George S. Yerger* for appellant.

The complainants have entirely failed to make out a case for the rescission of the contract. A court of equity will never undertake to rescind a contract unless there be proof of an actual fraud, or an undue concealment of material facts, and which a party was bound to disclose.

1. There is no evidence of the defendant intentionally or by design misrepresenting a material fact, or producing false impressions in order to mislead the complainant. See 1 Story, Eq. 211, § 195.

But to make out a fraud, the misrepresentation must not only be in something material, but it must be in something in regard to which the party put a known trust and confidence in the other. If the matter be equally open to both parties for examination and inquiry, there can be no case of fraud. See 1 Story, Eq. 213, § 147. But there is no proof of any misrepresentation in this case.

2. There was no undue concealment or *suppressio veri* on the part of defendant. See 1 Story, Eq. p. 221–230.

*D. W. Adams* for appellees.

Under this state of facts, the law is clear and well settled that the contract should be set aside for fraud. Judge Story says: " Where the party intentionally or by design misrepresents a material fact, or produces a false impression in order to mislead another, or to entrap or cheat him, or to obtain an undue ad-

63 *

vantage of him, in every such case there is a positive fraud in the truest sense of the term." 1 Story, Eq. 208.

It will be observed that W. F. Beresford, according to the testimony, did not visit Rankin county to purchase this land of Alexander. He was in search of other land. Alexander induced Beresford to purchase. It is a case of wilful misrepresentation leading to the defrauding and injury of Beresford. And then we find this man Alexander boasting afterwards of the fraud he had perpetrated, and expressing the hope and intention of placing himself beyond the reach of redress from the man he had defrauded. Under such circumstances, I do not think the court can or will hesitate in affirming the decree of the chancellor. It is clearly correct in the law and the testimony.

Mr. Justice FISHER delivered the opinion of the court.

The appellees filed this bill in the superior court of chancery for the purpose of obtaining a decree, rescinding a contract made by them with the appellant for the purchase of a certain tract of land in Rankin county, on the ground of fraud alleged to have been practised by the appellant in making said sale.

The land is situate near the bank of Pearl River, and is, according to the allegations of the bill, the admissions of the answer, and the proof in the cause, subject to overflow from the waters of said river during ordinary or annual freshets.

The bill alleges that the purchasers in making said trade trusted to the truth of the statements made by the appellant respecting said overflow; that when interrogated on this subject, he stated that the land was above the influence of the waters of said river, and had never been inundated within his knowledge; that the purchase was made in the month of November, when the river was very low, and when the purchasers could ascertain nothing from appearances as to the land's being subject to overflow.

The answer admits that the land is liable to overflow as charged in the bill; but denies that the complainants made any inquiries on the subject, or that the appellant made any false or fraudulent statements relative to the same.

The first witness examined on behalf of the complainants, proves that he was present with W. F. Beresford, when the cleared land was partially examined by the purchaser; that the witness himself, in the presence of Beresford, asked the appellant the question, whether the land, which they were then examining, was subject to overflow; when the appellant replied, only from the backwater coming into a certain bayou; the appellant on this occasion represented the land to be good and valuable for agricultural purposes; the answer and the proof show very clearly that the appellant was not, at the time of the sale, ignorant of the true condition of the land. But it is said that he concealed nothing, because he was not requested by the purchaser to make any disclosures. The statement to the witness in the presence of the purchaser, was equivalent to a statement to the purchaser himself. This was, to say the least, in effect a clear declaration that the tract of land was only liable to overflow from the backwater, which he averred at the time produced no injury to the land, and remained on it only a few days at a time. The whole testimony, when properly considered, in our opinion fully establishes the fraud.

No objection is made to the interlocutory or final decree; and we have nothing to do, therefore, but to affirm the decree of the chancellor.